IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD BYRD et al., | |
| *Plaintiffs,* | CIVIL ACTION |
| v. | NO. 24-4460 |
| ALLSTATE VEHICLE & PROPERTY INS. CO., | |
| *Defendant.* | |

**Pappert, J.**                                                                                                   **March 4, 2025**

## MEMORANDUM

      Gerald Byrd and Dawn White sued their insurer, Allstate Vehicle and Property Insurance Company, asserting breach of contract and bad faith claims after the insurer denied coverage for water damage to their home. Allstate removed the case to federal court and moved to dismiss the bad faith claim. Plaintiffs amended their pleading as of right and Allstate again moved to dismiss the Amended Complaint's bad faith claim. The Court grants the motion and dismisses the bad faith claim without prejudice.

I

      On March 4, 2024, Plaintiffs' home "suffered direct physical loss and damage" which "result[ed] in water damage." (Am. Compl. ¶ 6, ECF 6.) Plaintiffs did not specify in their Complaint what exactly caused the damage, but exhibits to the Amended Complaint suggest it was related to the "water in the second floor bathroom sink [] running for four hours." (Denial Lett. at 1, ECF No. 6-3.) Plaintiffs retained AAA Public Adjusters ("AAA"), who submitted an insurance claim pursuant to Plaintiffs'

homeowners insurance policy with Allstate. (Am. Compl. ¶ 8–9.) Plaintiffs allege that AAA took infrared photographs of the water damage in their home and submitted those photographs to Allstate. (*Id.* ¶ 12–13.) AAA estimated that the total damage from the loss would cost $79,689.72 to repair. (Damage Estimate at 10, ECF No. 6-2.) Plaintiffs then hired First Choice Restoration, LLC, which performed "emergency water restoration services" to Plaintiffs' home that cost over $25,000. (*Id.* at 20.)

On April 7, 2024, Allstate denied Plaintiffs' claim for the following reasons: (1) "[a]ll indications are that this loss was not sudden and accidental," (2) First Choice performed its repairs "prior to my inspection" despite the "Policy conditions require[ing] that you show us the damage[d] property," and (3) "[t]he pre-mitigation photos do not show water damage that would require the extensive tear out done by" First Choice Restoration, which was "destructive and unnecessary." (*Id.* ¶¶ 18–19.) Plaintiffs contend Allstate breached the insurance contract by denying coverage and acted in bad faith by: (1) "falsely representing" that Plaintiffs are not entitled to coverage because they "complied with the provision in the Policy that requires [them] to protect the Property from further damage," (2) "failing to pay Plaintiff's covered loss in a prompt and timely manner," (3) "failing to objectively and fairly evaluate Plaintiff's claim," (4) "conducting an unfair and unreasonable investigation of Plaintiff's claim," (5) "denying Plaintiff's claim for failure to exhibit damage to the Property when Plaintiff had not refused to do so," (6) "misrepresenting pertinent facts and Policy provisions," (7) "unreasonably withholding Policy benefits," and (8) "unreasonably compelling Plaintiff to institute this action to obtain benefits." (*Id.* ¶ 36.)

II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity," draw all reasonable inferences from them "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

III

A

Pennsylvania's bad faith statute provides that the court may award interest, punitive damages, and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured[.]" 42 Pa. Cons. Stat. § 8371. Courts have defined "bad faith" as

3

"any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim. *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012).

Various actions by an insurer can rise to the level of bad faith, such as "lack of investigation into the facts[ ] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 668–69 (W.D. Pa. 2012); *Corch Constr. Co. v. Assurance Co. of Am.*, 64 Pa. D. & C.4th 496, 515 (Pa. Commw. Ct. Oct. 28, 2003) ("Bad faith occurs when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue."); *see also Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). However, "mere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (citing *Frog, Switch & Mfg.*, 193 F.3d. at 751 n.9).

Courts in this Circuit have routinely dismissed bad faith claims reciting only conclusory allegations unaccompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *Barbor v. State Farm Fire & Cas. Co.*, No. 24-521, 2024 WL 3678660, at *5 (E.D. Pa.

Aug. 6, 2024); *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *5–6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-77, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015).[1]

B

Plaintiffs allege ways in which Allstate purportedly acted in bad faith, (Am. Compl. ¶ 36), but each is nothing but a conclusion unsupported by factual allegations. To start, Plaintiffs do not plausibly allege that Allstate failed to investigate the claim or communicate with them. Rather, they allege that Allstate "inspected the property" and "the debris from the water damage mitigation performed by First Choice Restoration" before denying coverage. (Am. Compl. ¶¶ 16–17.) Further, the attachments to the Complaint demonstrate that Allstate kept Plaintiffs reasonably informed of their investigation—Allstate sent AAA Public Adjusters a letter on March 24, 2024 stating that their investigation of the loss was ongoing, and another letter on March 26, 2024 requesting more information. (ECF No. 6-3.)

Allstate offered multiple bases for denying the claim—that the photographs of the pre-restoration damage did not match the excessive and destructive work performed by First Choice, and that the loss did not appear sudden or accidental. (Am.

---

[1] Plaintiffs rely on one case to support their bad faith claim: *1009 Clinton Props., LLC v. State Farm Fire & Cas. Co.*, No. 18-5286, 2019 WL 1023889 (E.D. Pa. Mar. 4, 2019). But as other courts in this district have noted, "that case is the outlier, not the standard." *Shetayh v. State Farm Fire & Cas. Co.*, No. 20-693, 2020 WL 1074709, at *3 (E.D. Pa. Mar. 6, 2020); *see also Barbor v. State Farm Fire & Cas. Co.*, No. 24-521, 2024 WL 3678660, at *4 n.2 (E.D. Pa. Aug. 6, 2024); *McIntosh v. USAA Cas. Ins. Co.*, No. 23-2958, 2023 WL 6543504, at *2 (E.D. Pa. Oct. 6, 2023); *Lopez v. Selective Ins. Co.*, No. 20-1260, 2020 WL 3265148, at *3 (E.D. Pa. June 17, 2020); *Dietz v. Liberty Mut. Ins. Co.*, No. 20-1239, 2020 WL 3414660, at *4 n.2 (E.D. Pa. June 22, 2020); *Cappuccio v. State Farm Fire & Cas. Ins. Co.*, No. 19-3025, 2020 WL 2307340, at *4 (E.D. Pa. May 8, 2020); *Clapps v. State Farm Ins. Cos.*, 447 F. Supp. 3d 293, 300 (E.D. Pa. Mar. 18, 2020).

Compl. ¶ 19.)[2]  Allstate may in the final analysis turn out to be incorrect, but absent additional facts regarding Plaintiffs' claim and the accompanying investigation, communication, and denial of coverage, the Court is unable to infer bad faith on Allstate's part.  *See Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (requiring plaintiffs to "describe who, what, where, when, and how the alleged bad faith conduct occurred.") (citation omitted).

## IV

Courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2).  This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile."  *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).  Plaintiffs are free to amend Count II consistent with this Memorandum and to the extent they can allege facts sufficient to state a plausible claim for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[2] Many of Plaintiffs' bad faith allegations rest solely on their contention that Allstate denied the claim "because Plaintiff satisfied conditions precedent outlined by the Policy." (Am. Compl. ¶ 36.)  This is in reference to the Policy provision requiring insureds to "protect the property from further loss [and] [m]ake any reasonable repairs necessary to protect it." (Denial Letter at 2.)
But, again, Plaintiff's own allegations suggest several other bases for denying the claim. (Am. Compl. ¶ 19.)  Plaintiffs therefore do not plausibly allege that Allstate lacked any reasonable basis for its denial, nor do they allege sufficient facts showing that Allstate knowingly or recklessly disregarded the lack of a reasonable bases by denying the claim.